United States Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone (202) 514-8138
Facsimile (202) 514-1005
Email joseph.sperber@usdoj.gov

IN THE DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>UNITED STATES TERRITORY OF GUAM,<br>and,<br>THE GOVERNMENT OF GUAM RETIREMENT FUND,<br>Defendants. | CIVIL CASE NUMBER 1:21-CV-0022<br><br>**CIVIL COMPLAINT** |

Plaintiff United States of America ("United States"), by the undersigned attorneys, makes the following averments:

1. This civil action is brought on behalf of the United States to enforce the provisions of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-4333 ("USERRA"). As set forth below, Defendants, the Territory of Guam ("Guam") and the Government of Guam Retirement Fund ("GRF") (collectively "Defendants"), violated USERRA by refusing to credit Guam employees on active military duty with credited service towards retirement for any time they were using donated leave from Guam while on active duty military service. Defendants' policy, which directly violates USERRA's provision that servicemembers are entitled to credited service towards retirement with their civilian employer for time deployed, denied at least five – and potentially many more – servicemembers

proper retirement and pension credit that, if not rectified, will slash their retirement benefits for the rest of their lives.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323(b). Additionally, the Court has jurisdiction under 28 U.S.C. § 1391(b) because events giving rise to this lawsuit occurred in this judicial district.

3. Venue is proper in this district under 38 U.S.C. § 4323(c)(1) because Guam and the GRF are entities of the Territory of Guam, which are located in, and do business within, this judicial district.

## DEFENDANTS

4. Guam provides and manages government services for the Territory, such as law enforcement; firefighting; education; and social services. Guam pays salary or wages for work performed and has control over employment opportunities. As such, Guam is an "employer" within the meaning of 38 U.S.C. § 4303(4)(A) and is subject to suit by the United States under 38 U.S.C. § 4323.

5. The GRF manages retirement plans for the Territory and is responsible for payment of retirement annuities and other benefits to retired Guam employees and their families. Because the GRF is obligated by Guam to provide pension benefits, it is an "employer" within the meaning of 38 U.S.C. § 4303(4)(C) and is also subject to suit by the United States under 38 U.S.C. § 4323.

# FACTUAL ALLEGATIONS

## GUAM PROVIDES ITS EMPLOYEES PENSION BENEFITS

6. Guam offers and the GRF administers several retirement plans, including at least two defined benefit retirement plans.

7. For employees of Guam who receive a pension benefit as part of their employment, Guam makes pension contributions to the GRF on behalf of the employee.

8. Under GRF's defined benefit retirement plans, an employee contributes a portion of their wages into the GRF and the contributing employer contributes money into the GRF on behalf of the employee. A Guam employee's retirement pension benefit is based, in part, on these amounts contributed by the employee and the employer.

9. A Guam employee's retirement pension benefit is also based, in part, on the employee's age at retirement and credited service as an employee of Guam.

10. Credited service, or service credit, is the amount of time that counts toward an employee's pension benefit.

11. The GRF calculates service credit based on a calendar year. To receive a year of service credit, the employee must earn a minimum of nine months of creditable service in the calendar year. Employees with less than nine months of creditable service in a calendar year receive credit for the number of months earned.

## GUAM ADMINISTERS A LEAVE SHARING PROGRAM

12. By statute, Guam provides a leave sharing program for its employees. 4 G.C.A. § 4109.2, *et seq*.

13. The leave sharing program allows employees to voluntarily transfer a portion of their sick or annual leave to a leave bank.

14. Employees who have exhausted their sick leave, annual leave, and compensatory time may draw donated leave from the leave bank to remain in paid-leave status rather than leave-without-pay status, for up to 90 days per year. 4 G.C.A. § 4109.2(b)(4).

15. Guam and the GRF do not give employees credited service for those periods of time employees use donated leave.

16. In some instances, Guam contributed to an employee's retirement account and withheld the employee's contribution from the employee's wages for periods the employee used donated leave while performing military service. In those cases, the GRF refunded the contributions (and discredited that service) when it learned of them.

## GUAM'S ADMINISTRATION OF ITS LEAVE SHARING PROGRAM DENIES SERVICEMEMBERS A PENSION BENEFIT GUARANTEED BY USERRA

17. In 2020, five current or former Guam employees filed USERRA complaints with the United States Department of Labor's Veterans' Employment and Training Service ("VETS"), alleging that Defendants' application of their leave sharing program violated the employees' USERRA rights.

18. Jesse Cruz ("Cruz") joined the Guam Fire Department in October 1992 and the Guam Air National Guard Reserves in May 2001.

19. Cruz is a member of the GRF's defined benefit plan.

20. For parts of 2010 and 2012, Cruz was deployed on active military duty with the National Guard. Following each deployment, Cruz was honorably discharged by the military and reemployed by Guam.

21. Cruz used donated leave from Guam's leave sharing program while deployed on active military duty on several occasions, including at least between February and June 2012.

22. In December 2020, Cruz retired from the Guam Fire Department.

23. Defendants did not give Cruz four months' and 15 days' credited service towards his retirement while he was on active military duty and using donated leave in 2012. Guam did not contribute toward Cruz's GRF retirement account for this period.

24. Cruz used donated leave for other periods of active military service. Although he and Guam contributed to his retirement account for these other periods, upon Cruz's retirement, the GRF discredited this time (and refunded Cruz's contributions), per the GRF's policy.

25. Defendants' treatment of the periods Cruz used donated leave as uncredited time essentially resulted in breaks-in-service with the employer. As a result of Defendants' not crediting Cruz for the time he used donated leave while on military duty and disqualification of other credited service upon his retirement, Cruz accumulated less credited service time, has a reduced retirement account, and will draw a lower pension annuity for the rest of his life.

26. Raymond San Nicolas ("San Nicolas") joined the Guam Fire Department in May 1992 and retired in August 2018.

27. San Nicolas is a member of the GRF's defined benefit plan.

28. San Nicolas joined the National Guard in April 1994, and between May 2002 and November 2012, San Nicolas was deployed on active military duty numerous times. After each deployment, San Nicolas was honorably discharged by the military and reemployed by Guam.

29. For portions of his active military service, San Nicolas used donated leave from Guam's leave sharing program.

30. Defendants did not give San Nicolas credited service for the time he used donated leave while on active military duty. Guam did not contribute to San Nicolas' GRF retirement

5

account for these periods.  Defendants' treatment of those periods that San Nicolas used donated leave as uncredited time essentially resulted in breaks-in-service with the employer.

31. As a result of Defendants' not crediting San Nicolas for the time he used donated leave while on active military duty, San Nicolas accumulated less credited service time, has a reduced retirement account, and will draw a lower pension annuity for the rest of his life.  When San Nicolas prepared to retire in 2018, Defendants informed San Nicolas that he must continue to work for an additional period of time to qualify for full retirement benefits.

32. Alan Torre ("Torre") joined the Guam Fire Department in October 1992 and retired in September 2020.

33. Torre is a member of the GRF's defined benefit plan.

34. Torre was a member of the National Guard from June 2000 to September 2009, and he was deployed on active military duty several times during his career with Guam, including, as relevant to this complaint, from January 2007 to September 2008.  After each deployment, Torre was honorably discharged by the military and reemployed by Guam.

35. While on active military duty from around March 17, 2007 through December 8, 2007, Torre used donated leave from Guam's leave sharing program.

36. Defendants did not give Torre credited service for the time in 2007 he used donated leave while on active military duty.  Guam did not contribute to Torre's GRF retirement fund for this period.  Defendants' treatment of the period that Torre used donated leave as uncredited time essentially resulted in a break-in-service with the employer.

37. As a result of Defendants' not crediting Torre for the time he used donated leave while on active military duty, Torre accumulated less credited service time, has a reduced retirement fund, and will draw a lower pension annuity for the rest of his life.

38. Andy Quinata ("Quinata") joined the Guam Fire Department in October 1992 and the National Guard in September 1998.

39. Quinata is a member of the GRF's defined benefit plan.

40. Between May 2002 and December 2016, Quinata was deployed on active military duty numerous times. Following each deployment, Quinata was honorably discharged by the military and reemployed by Guam.

41. For portions of his active military service, Quinata used donated leave from Guam's leave sharing program.

42. Defendants did not give Quinata credited service for the time he used donated leave while on active military duty. Guam did not contribute to Quinata's GRF retirement fund for these periods. Defendants' treatment of the periods Quinata used donated leave as uncredited time essentially resulted in breaks-in-service with the employer.

43. As a result of Defendants' not crediting Quinata for the time he used donated leave while on active military duty, Quinata will accumulate less credited service time, has a reduced retirement account, and will draw a lower pension annuity for the rest of his life. Defendants informed Quinata that he must continue to work approximately two additional years to qualify for full retirement benefits.

44. Frederick Guzman ("Guzman") has been employed by the Guam Department of Education since August 1996 and has been a member of the National Guard since December 2000.

45. Guzman is a member of the GRF's defined benefit plan.

46. Between October 2001 and December 2020, Guzman was deployed on active military duty numerous times. Following each deployment, Guzman was honorably discharged by the military and reemployed by Guam.

47. For portions of his active military service, Guzman used donated leave from Guam's leave sharing program.

48. Defendants did not give Guzman credited service for the time he used donated leave while on active military duty. Guam did not contribute to Guzman's GRF retirement fund for these periods. Defendants' treatment of the times that Guzman used donated leave as uncredited time essentially resulted in breaks-in-service with the employer.

49. As a result of Defendants' not crediting Guzman for the time he used donated leave while on active military duty, Guzman will accumulate less credited service time, will have a reduced retirement account, and will draw a lower pension annuity for the rest of his life.

50. Upon information and belief, there are other current or former Guam employees who will use (or have used) donated leave while deployed on military duty, who will not receive (or have not received) credited service for those periods, who will not receive (or have not received) contributions by Guam into their GRF retirement, who will be treated (or were treated) as having breaks-in-service with the employer, and who will suffer (or are suffering) reduced pension annuities as a result.

51. Upon information and belief, Guam will continue to refuse to make contributions to the GRF for individuals who use donated leave while on active duty in the military.

52. Upon information and belief, Guam and the GRF will continue to deny service credit for individuals who use donated leave while on active duty in the military, and will continue to treat these employees as having breaks-in-service with the employer.

53. Had any of these affected employees opted to take leave without pay while on active military duty, rather than availing themselves of the leave transfer program, Defendants would have credited those periods as service toward their retirements and not treated those periods as breaks-in-service.

**CLAIM FOR RELIEF**

54. The United States repeats and incorporates the allegations set forth in Paragraphs 2-53.

55. USERRA provides that a qualified servicemember who is reemployed by his or her civilian employer "shall be treated as not having incurred a break in service with the employer or employers maintaining [an employee pension benefit plan]." 38 U.S.C. § 4318(a)(2)(A). "Each period served by a person in the uniformed services shall, upon reemployment under this chapter, be deemed to constitute service with the employer or employers maintaining the [pension benefit] plan for the purpose of determining the nonforfeitability of the person's accrued benefits and for the purpose of determining the accrual of benefits under the plan." 38 U.S.C. § 4318(a)(2)(B).

56. USERRA "supersedes any State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by [USERRA]." 38 U.S.C. § 4302(b).

57. USERRA provides that when the statute uses the word "State" it includes Guam and the GRF. Specifically, USERRA regulations state:

> *State* means each of the several States of the United States, the District of Columbia, the Commonwealth of Puerto Rico, Guam, the Virgin Islands, and other territories of the United States (including the agencies and

political subdivisions thereof). *See* 20 C.F.R. § 1002.5(m).

58. Defendants violated USERRA Section 4318 by treating employees using donated leave while on active military duty as having breaks-in-service, and by failing to properly treat employees' periods of military leave while using donated leave as "service" with the employer for purposes of determining service credit and determining pension benefits.

59. Guam violated USERRA Section 4318(b)(1) when it failed or refused to make its employer contributions to the GRF on behalf of employees while serving in the military and using donated leave.

60. Defendants' violations have caused and will continue to cause these employees to suffer reduced pension annuities that, left unchecked, will negatively impact them for the rest of their lives.

61. Defendants' reliance on its statute creating the leave sharing program is unavailing. That statute is superseded by USERRA because it effectively reduces a right or benefit of USERRA by illegally disqualifying service with the employer.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States prays that the Court enter judgment against Guam and the GRF and, further, that the Court:

A. declare that Guam and the GRF violated USERRA Section 4318(a)(2)(B) by failing to properly treat servicemembers' periods of military leave while using donated leave as "service" with the employer for purposes of the accrual of retirement benefits;

B. declare that Guam violated USERRA Section 4318(b)(1) to the extent it failed to make contributions to the GRF on behalf of employees serving in the military while using donated leave;

C. declare that the GRF violated USERRA Section 4318(b)(1) when it refunded pension contributions made by Guam and employees for periods the employees were serving in the military while using donated leave;

D. require that Guam and the GRF comply with the provisions of USERRA by retroactively crediting all employees and retirees who used donated leave while serving in the military with service with Guam for purposes of the accrual of benefits;

E. require that Guam comply with the provisions of USERRA by retroactively making contributions, including all make-up contributions, to the GRF on behalf of employees and retirees who used donated leave while serving in the military for the relevant periods of service;

F. require Defendants to give affected employees obligated to make employee-side contributions to their pensions appropriate time to make those contributions consistent with USERRA;

G. require that Guam and the GRF comply with the provisions of USERRA by retroactively re-calculating retirees' credited service and retirement benefits based on the abovementioned retroactively credited service and payment of contributions;

H. require that Guam and the GRF give notice to current and former employees and retirees of the resolution of this suit and the retroactive recalculation of credited service and retirement benefits;

I. enjoin Guam and the GRF from taking any action against Cruz, Guzman, Quinata, San Nicolas, Torre, or any other current or former employee, retiree, or servicemember that fails to comply with the provisions of USERRA;

J.	enjoin Guam and the GRF from refusing to properly treat servicemembers' periods of military leave while on leave bank leave as "service" with the employer for purposes of the accrual of benefits;

K.	enjoin Guam from refusing to make contributions to the GRF on behalf of employees serving in the military; and,

L.	grant such other and further relief as may be just and proper.

Respectfully submitted, this 31st day of August 2021.

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

KAREN D. WOODARD
Chief

By:        /s/   *Joseph J. Sperber IV*
JOHN P. BUCHKO
(D.C. Bar No. 452745)
Deputy Chief
JOSEPH J. SPERBER IV
(NY Bar No. 2662526)
Trial Attorney
VENDARRYL JENKINS
Trial Attorney
(D.C. Bar No. 1724928)

U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
4CON Building, Room 9-1136
150 M Street, N.E.
Washington, DC  20530
Telephone:  (202) 514-8138
Facsimile:  (202) 514-1005
E-mail:  joseph.sperber@usdoj.gov

SHAWN N. ANDERSON
United States Attorney
MIKEL SCHWAB
(Guam Bar No. 87007)
Chief, Civil Division

U.S. Attorney's Office for the Districts of Guam
and the Northern Mariana Islands
Sirena Plaza
108 Hernan Cortez, Suite 500
Hagåtña, GU 96910
Telephone: (671) 472-7332
Email: Mikel.Schwab@usdoj.gov