# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES TERRITORY OF GUAM<br><br>and<br><br>THE GOVERNMENT OF GUAM RETIREMENT FUND,<br><br>    Defendants. | Case No. 1:21-cv-00022<br><br>**ORDER STAYING PROCEEDINGS** |

Before the Court is Plaintiff United States of America's Partially Unopposed Motion to Stay Proceedings (including the bench trial) (ECF No. 90) until this Court has ruled on Plaintiff's Second Motion to Compel Defendant United States Territory of Guam ("Territory") to Provide Full and Complete Responses to Plaintiff's Fifth Set of Requests for Production of Documents ("Second Mot. to Compel," ECF No. 83). After the Court issues its ruling, the United States will propose to amend the current scheduling order to allow the parties to comply with any obligations stemming from such ruling and to provide adequate time for meeting additional pre-trial and trial deadlines. (ECF No. 90 at 2, 4.) Defendant Government of Guam Retirement Fund does not oppose the motion. (ECF No. 90 at 2.) Defendant Territory partially opposes the motion because it intends to file a motion to be allowed to amend its Answer to amend its stated defenses and to assert counterclaims in response to the Complaint. (ECF No. 92.) For good cause shown, the Court hereby GRANTS the United States of America's Motion to Stay

1

the Proceedings except for the completion of the briefing process with respect to the pending two motions before the Court, to wit the United States' Motion for Leave to File Additional Documents to Supplement Summary Judgment Record (ECF No. 88) and Territory's Motion for Summary Judgment as to Claimant's Unjust Enrichment (ECF No. 94).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Whether a stay is warranted is governed by analysis of three factors: (1) whether harm would result if the action were stayed (2) whether there is sufficient hardship to justify staying the proceeding, and (3) whether a stay furthers the orderly course of justice. *United States v. Guam*, No. 02-00022, 2013 WL 5809289, at *7-8, *11 (D. Guam Oct. 29, 2013).

The Court finds that (1) no harm would result if the action is stayed, (2) there would be sufficient hardship to each of the parties, and (3) a stay of the proceedings furthers the orderly course of justice.

IT IS SO ORDERED this 15th day of February 2024.

RAMONA V. MANGLONA
Designated District Judge