# IN THE DISTRICT COURT OF GUAM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

UNITED STATES TERRITORY
OF GUAM and THE GOVERNMENT
OF GUAM RETIREMENT FUND,

    Defendants.

Case No. 1:21-cv-00022

**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

Before the Court is Defendant the Government of Guam Retirement Fund's ("Retirement Fund") motion to certify the Court's summary judgment decision and order (D&O, ECF No. 113) for interlocutory appeal (Mot., ECF No. 117), joined by Defendant United States Territory of Guam ("GovGuam") (Joinder, ECF No. 118). After the Court stayed this case and granted an extension based on the lapse of appropriations for the United States Department of Justice (ECF Nos. 119; 123), Plaintiff United States filed an opposition (Opp'n, ECF No. 125), to which the Retirement Fund replied (Reply, ECF No. 126). For the following reasons, the Court DENIES the Retirement Fund's motion for certification.

## I.   BACKGROUND

This civil action arises under the Uniformed Services Employment and Reemployment Rights Act of 1994, as amended, 38 U.S.C. § 4301, *et seq.* ("USERRA"). USERRA grants certain employment rights to service members returning to their civilian careers after their time in service. *See* 38 U.S.C. § 4301. Plaintiff United States filed this suit in 2021 on behalf of five service

members ("claimants") pursuant to 38 U.S.C. § 4323(b), alleging that Defendants' administration of Guam's Leave Sharing Program ("LSP") violates USERRA. (Compl. 4–10, ECF No. 1.) Guam's LSP is codified by Guam law at 4 G.C.A. § 4109.2. "The LSP is an employee benefit that provides assistance to employees who need to take extended periods of absence from their employments for personal reasons." (D&O 4.)[1] Through the LSP, employees can use donated leave from a leave donor to remain on paid leave status. (*Id.*) "Military service is an accepted personal reason for employees to use donated leave from the LSP." (*Id.*) However, "[e]mployees' time spent on donated leave from the LSP may not count towards retirement service credit for any GovGuam employee, including service members." (*Id.*) "Any pension contributions made while an employee is using donated leave for military service will be returned to the employer or employee." (*Id.* at 5.)

In its summary judgment decision and order,[2] this Court held that Guam's LSP violates USERRA. Specifically, the Court found:

> [U]nder Guam's LSP statute, service members receive the benefit of leave *with pay*, which is not a USERRA benefit. However, in exchange for receiving paid leave under the same law, GovGuam does not make employer-side contributions, permit employee-side contributions, nor count the service member's leave as credit towards retirement—the three benefits protected under USERRA when a service member is on unpaid leave.

(*Id.* at 17.) Thus, the Court reasoned:

> [T]he supremacy provision in § 4302 of USERRA is "squarely" implicated by the LSP's prohibition against giving service members credit towards retirement at 4 G.C.A. § 4109.2(b)(3) because the rights at issue are substantive rights that fall under § 4303(2) of USERRA. In order for the waiver of supremacy in § 4302(a) to

---

[1] The Court cites to its summary judgment decision and order for these backgrounds facts because these facts are undisputed in the instant briefing for the motion to certify.

[2] The Court only addresses the portions of its decision and order relevant to the instant motion for certification, which does not raise issues related to the Court's 1) denial of the Retirement Fund's counter-motion for summary judgment based on quasi-estoppel or 2) dismissal of GovGuam's motion for summary judgment based on unjust enrichment. (*See* D&O 24–29.)

apply to Guam's LSP as being more beneficial than USERRA benefits and limit the
supremacy clause of USERRA under § 4302(b), the service members must clearly
and unambiguously recognize that accepting this LSP benefit is in exchange for a
waiver of both their Guam and USERRA rights to credit towards retirement.

(*Id.* at 20 (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1108 (6th Cir. 2010); *Ward v. Shelby Cnty. Tennessee*, 98 F.4th 688, 692 (6th Cir. 2024)).) Lastly, the Court found that there was insufficient factual evidence to support that GovGuam obtained valid waivers from the claimant service members. (*Id.* at 20–24.)

Now, the Retirement Fund moves this Court to certify the question of whether USERRA supersedes Guam's entire statutory scheme governing paid and unpaid military leave, arguing that the Court's decision and order "limited its analysis only to Guam's Leave Sharing Program, 4 G.C.A. § 4109.2 . . . [and] did not consider the interplay of the LSP in conjunction with other relevant Guam statutes providing retirement benefits for service members; namely, 4 G.C.A. §§ 4119(a)–(b), 8108(b) and 8137.2." (Mot. 2–3.) Section 4119(b) grants service member employees military leave with pay not to exceed fifteen working days per government of Guam fiscal year. Thereafter, such employees must elect annual leave, compensatory-time accrued, or leave without pay. *Id.* "[U]nder §§ 8108(b) and 8137.2, service members who elect to take unpaid leave receive both retirement credit and employer-side contributions as they are entitled to under USERRA, and the additional benefits of GovGuam-funded employee contributions, group health insurance premiums, and group life insurance premiums during their period of military service." (D&O 17).

As the Court recognized in its decision and order, these other Guam statutes provide service members with rights or benefits that are more beneficial than those guaranteed by USERRA. (*Id.* at 16–17.) However, the decision and order rejected the Retirement Fund's contention that the Court must consider these other Guam statutes in determining whether the *LSP* violates USERRA "because the LSP *operates on its own* in providing both a benefit and a deprivation of retirement

3

rights." (*Id.* at 13 (emphasis added).) The Retirement Fund now proposes the following question to certify for interlocutory appeal:

> Whether 38 U.S.C. § 4302(b) of the Uniformed Services Employment and Reemployment Rights Act supersedes Guam's statutory scheme governing paid and unpaid military leave, specifically 4 G.C.A. §§ 4109.2, 4119, 8108(b), and 8137.2, or whether Guam's statutes provide rights and benefits that are more favorable to service members under § 4302(a), such that they are preserved and not superseded by federal law.

(Mot. 10; *see* Reply 9.)

**II.     LEGAL STANDARD**

28 U.S.C. § 1292(b) authorizes certification for interlocutory appeal of district court orders that are not otherwise appealable. A district judge may grant certification if she is of the opinion that her order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The party pursuing the interlocutory appeal bears the burden of demonstrating that the district court has properly found all three certification requirements of the statute are met. *Id.* (internal citation omitted).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Ninth Circuit precedent has recognized the "congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases . . . ." *In re Cement Antitrust Litigation (MDL No. 296)*, 673 F.2d 1020, 1027 (9th Cir. 1982) (citing *Robbins Co. v. Lawrence Mfg. Co.*, 482 F.2d 426, 429 (9th Cir. 1973); *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1996)).

### III. DISCUSSION

The Retirement Fund argues that all three requirements for certification have been satisfied (Mot. 4); the United States argues that none of the requirements have been (Opp'n 5). The Court agrees with the United States; thus, certification must be denied.

#### A. The Retirement Fund Has Not Identified a Controlling Question of Law.

The Retirement Fund first argues that its proposed certified question—"the question of whether Guam law meets the minimum requirements of USERRA"—is a controlling question of law; "[i]t is a purely legal question as it is based on statutory construction." (Mot. 7.) In opposition, the United States argues that "the preemption issue is not a broad or complex question about whether Guam's whole statutory scheme is superseded; it is a straightforward application of USERRA to directly conflicting provisions." (Opp'n 10 (citing *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)).) The United States further opposes the Retirement Fund's contention that "appellate guidance would provide critical clarity for all future cases implicating federal-territorial benefit coordination." (*See* Opp'n 11 Mot. 10.) In reply, the Retirement Fund argues that "the interaction between USERRA's preemption clause, 38 U.S.C. § 4302(b), and its savings clause, § 4302(a)" is an "interpretive task" which presents a legal question. (Reply 4.) Further, the Retirement Fund argues that the preemption question is controlling "because it materially affects liability and the scope of relief in this enforcement action." (*Id.* at 5.)

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement*, 673 F.2d at 1026 (citing *Wright*, 359 F.2d at 785). Questions collateral to the merits of the lawsuit are not "controlling." *Id.* at 1027.

The question of whether USERRA supersedes Guam's statutory scheme governing paid and unpaid military leave—in other words, whether USERRA preempts Guam's statutory scheme—constitutes a question of law, but the Court is not convinced that the Retirement Fund's broad question is controlling in this matter. Federal preemption of state law constitutes a question of law. *Hill v. LLR, Inc.*, No. CV 18-120-GF-BMM-KLD, 2019 WL 5190983, at *2 (D. Mont. Oct. 9, 2019) (citing *In re Cement*, 673 F.2d at 1026; *United States v. Woodbury*, 263 F.2d 784, 787–88 (9th Cir. 1959)), *report and recommendation adopted*, 2019 WL 6114237 (D. Mont. Nov. 18, 2019). However, section 1292(b) requires the showing of a controlling question of law such that its resolution on appeal could materially affect the outcome of the litigation in the district court. *Id.*

In this case, resolution of the preemption question proposed by the Retirement Fund does not control this action because only the LSP—not *all* Guam law on paid and unpaid military leave—is at issue here. The United States' complaint only alleges that the administration of the LSP violates USERRA. (*See* Compl. 4, 10.) The Court's decision and order already rejected "the Fund's contention that the Court must consider alternative Guam law on retirement benefits for service members, such as the employees on the active duty provision at 4 G.C.A. § 8137.2, in determining whether the *LSP's* prohibition against credit towards retirement violates USERRA because the LSP operates on its own in providing both a benefit and a deprivation of retirement rights." (D&O 13 (emphasis added).) The Court has never received any evidence demonstrating that service members who participate in the LSP are able to avail themselves of the other benefits provided by Guam law, other benefits which the Retirement Fund believes should be considered in the preemption analysis on appeal. The Retirement Fund recognizes the Court's reasoning, but does not provide any justification as to why consideration of the other more beneficial Guam

statutes is necessary to the resolution of this matter. (*See* Mot. 6–7; Reply 5.) Thus, the Retirement Fund has failed to demonstrate that its proposed question constitutes a question of law that is *controlling* in this litigation. *See City of Buffalo v. Hyundai Motor Am., Inc.*, 140 F.4th 1249, 1253 n.3 (9th Cir. 2025) (noting district court determined defendants failed to carry burden of showing proposed question has any bearing on plaintiff's public nuisance claims and excluded public nuisance claims from certified question).

### B. The Retirement Fund Has Not Articulated Substantial Ground for Difference of Opinion.

The Retirement Fund argues that this second prong requiring a showing of substantial ground for difference of opinion is met because the question before this Court is a "novel" and "difficult" one. (Mot. 8.) In its opposition, the United States argues "Guam has not provided a single case that conflicts with this court's conclusion that USERRA supersedes the Guam statute" and "also fails to show how this Court's straightforward preemption analysis . . . is a novel subject on which fair-minded jurors might disagree." (Opp'n 12 (internal marks and citation omitted).) In reply, the Retirement Fund argues it is not required to provide conflicting authority to meet its burden, and reasonable jurists can disagree on whether USERRA preempts Guam's statutory scheme governing paid and unpaid military leave. (Reply 6–7.)

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Id.* (quoting 3 Federal Procedure, Lawyers' Edition § 3:212 (2010)). "However, 'just because a court is the first to rule on a particular question . . . does not mean there is such a

substantial difference of opinion as will support an interlocutory appeal.'" *Id.* (quoting 3 Federal Procedure, Lawyers' Edition § 3:212 (2010)).

For similar reasons the Court has articulated in finding the Retirement Fund's proposed certified question is not controlling in this action, the Fund has not satisfactorily demonstrated substantial ground for difference of opinion on the pertinent issue. The Retirement Fund's proposed question asks whether USERRA preempts Guam's *entire* statutory scheme governing paid and unpaid military leave—including the LSP, which this Court has concluded falls short of USERRA's requirements, and other Guam law, which is more beneficial than USERRA. This Court rejected such a sweeping analysis in its decision and order, and the Retirement Fund has not provided any legal authority or argument as to how reasonable jurists can disagree on the proper scope of analysis—i.e., why the USERRA preemption question should be assessed in light of *all* Guam law governing paid and unpaid military leave, rather than just the LSP. Instead, the Retirement Fund focuses its argumentation on the existence of substantial ground for difference of opinion regarding the question of USERRA preemption only in the context of Guam's entire statutory scheme, again, without addressing why the entire statutory scheme is the proper scope of inquiry or demonstrating why reasonable jurists could disagree on the proper scope.

The LSP violates USERRA, which by its plain terms, prohibits employers from treating reemployed service members as having incurred a break in service and requires employers to maintain service members' pension benefit plans for their period of service. 38 U.S.C. § 4318(a)(2)(A)–(B). Without any legal authority or even reasoning to support assessing Guam's entire statutory scheme in this case's context, the Court cannot say that there is substantial ground for difference of opinion as to whether USERRA preempts the relevant Guam law in this matter.

//

### IV. The Retirement Fund Has Not Demonstrated that Immediate Resolution of its Proposed Question Will Materially Advance the Termination of the Litigation.

The Retirement Fund argues that immediate appeal would materially advance the termination of this case because "[i]f the Ninth Circuit were to disagree with the Court's ruling on the question herein, the premise of Plaintiff's claim for liability fails and this litigation would be terminated." (Mot. 9.) In opposition, the United States argues that termination would not be materially advanced because an interlocutory appeal would take time to resolve and "affirmance is likely in light of the straightforward analysis here, so discovery and trial on damages would still continue." (Opp'n 13–14.) In reply, the Retirement Fund responds that the "United States' speculation about the duration of appellate proceedings does not defeat certification[,]" and a "threshold liability ruling affecting the remedial framework is precisely the kind of issue for which interlocutory review can prevent unnecessary litigation costs and inefficiencies." (Reply 8–9.)

"[T]he 'materially advance' prong is satisfied when the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022) (quoting *In re Cement*, 673 F.2d at 1027). A district court's conclusion that appellate reversal may take some of plaintiff's claims against all defendants out of the case meets this requirement. *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1092 (E.D. Cal. 2008) (citing *In re Cement*, 673 F.2d at 1026). This third requirement is closely related to the first requirement—whether an issue of law is "controlling." *Meeker v. Belridge Water Storage Dist.*, No. 1:05CV-00603 OWW SMS, 2007 WL 781889, at *6 (E.D. Cal. Mar. 13, 2007) (citing *In re Cement*, 673 F.2d at 1026).

The Court finds that this requirement has not been met because resolution of the question proposed by the Retirement Fund would not materially advance the termination of litigation. The

9

Case 1:21-cv-00022   Document 127   Filed 02/09/26   Page 9 of 10

Court agrees that reversal of the Court's decision and order determining that Defendants were liable for violating USERRA would materially advance the termination of the litigation because proceedings for damages—which might involve "complex and resource-intensive remedial proceedings" (*see* Reply 8)—would not be necessary. However, resolution of the Retirement Fund's proposed question—language that the Fund adheres to in its reply—would not advance termination of the litigation because even if the Ninth Circuit were to find that USERRA does not preempt Guam law on military leave in its entirety, only the LSP is at issue in this case. Thus, the Court finds that resolution of the Retirement Fund's proposed question would not materially advance the ultimate termination of the litigation.[3] *See ICTSI*, 22 F.4th at 1130 (articulating legal standard as "immediate resolution of [the] question may materially advance the ultimate termination of the litigation").

## V. CONCLUSION

Because Defendant Retirement Fund has failed to satisfy any of 28 U.S.C. § 1292(b)'s three requirements before this Court may certify its decision and order, *inter alia*, granting the United States' motion for summary judgment, the Retirement Fund's motion to certify order for interlocutory appeal (ECF No. 117) is DENIED.

IT IS SO ORDERED this 9th day of February, 2026.

RAMONA V. MANGLONA
District Judge

---

[3] Even if this Court were to find the third requirement satisfied by interpreting § 1292(b) to require considering the impact of reversing the Court's decision and order, rather than just the impact of resolving the question posed by the movant, the Court would deny certification because the Retirement Fund has failed to demonstrate that the first and second requirements for certification have been met.